GARDEN, JUDGE:
The claimant, Marvin E. DeBoer, is seeking an award in this claim for 20 days of accumulated annual leave that were due him when his services at Concord College were terminated on June 30, 1975. The respondent, Board of Regents, contends that claimant was fully paid for his services through June 30,1975, and that he is not entitled to payment for any unused accumulated leave.
Dr. DeBoer was initially employed on February 8, 1971 as Vice President for Academic Affairs and Dean of Faculty. During the academic year of July 1,1973 to June 30,1974, he earned an annual salary of $25,320.00 payable in 12 monthly installments of $2,110.00 each. On July 1, 1973, B. L. Coffindaffer became the President of the College, and apparently, problems arose between President Coffindaffer and the claimant. Although the testimony failed to disclose the nature of this conflict, Dr. Coffindaffer on May 23, 1974, wrote to the claimant and advised him that witjr the close of business on May 24, 1974, he was relieved of his administrative duties as Vice President for Academic Affairs and Dean of Faculty. The letter which was introduced as evidence as an exhibit, further advised that for the 12-month period from July 1, 1974 through June 30, 1975, he would be assigned to the College’s professorial staff at a salary comparable to salaries of other members of the faculty with similar academic credentials. The letter further advised the claimant that his employment at Concord College would not extend beyond June 30, 1975.
*233 As of June 30, 1974, it was undisputed that the claimant had accumulated 33 days of unused annual leave. During his final year at the College, Dr. DeBoer taught a full 12-hour semester at an annual salary of $19,260.00 or $1,605.00 per month. On May 12,1975 through June 30, 1975 the claimant took, with the approval of President Coffindaffer, 35 days of annual leave. The respondent’s policy relating to annual leave was set forth in respondent’s Policy Bulletin No. 35, which had been adopted by respondent on January 15,1974, and it was undisputed that claimant was subject to the provisions of this Bulletin. A copy of Policy Bulletin No. 35 was also introduced into evidence as an exhibit.
Policy Bulletin No. 35 provides that major administrators and faculty members with 12-month contracts shall be eligible for 22 days leave per year, and sub-paragraphs “H” and “I” of paragraph I of the Bulletin provides as follows:
“H. Accumulated annual leave for continuing employees may be extended beyond that earned during a period of one year by written approval of the president but in no case shall it exceed twice the amount earned in any 12-month period.
and
I. An employee is entitled to accumulated leave at termination of service, but in no case may this exceed the limits set in “H” above. Leave time may not be earned during a term-of-leave period.”
Sub-paragraph “H” permits the extention of accumulated annual leave beyond that earned during the peripd of one year by-written approval of the President of the College. Jack Grose, Business Manager of Concord College, testified that it was not the policy of the College to enforce the provision relating to the obtaining of written approval from the President in respect to extending accumulated annual leave. It appears to us that had the claimant accumulated 44 days of annual leave as of June 30, 1974, all 44 of the days could have been extended into his final year at the College, and we therefore agree with claimant that when he entered his final year at the College, he had 33 days of annual leave due him and further that he earned an additional 22 days in his final year or a total of 55 days. Having taken 35 days in May and June of 1975, he was entitled to be paid for these remaining 20 days as of June 30,1975. Sub-paragraph “I” quoted above certainly adds support to this conclusion.
*234 Claimant contends that these 20 days should be computed on the basis of his salary as Vice President for Academic Affairs and Dean of Faculty, and that these 20 days entitle him to an award of $2,033.00. We do not agree with this contention and believe the so-called “first in — first out rule” should be applied. Under such rule these remaining 20 days were earned as a member of the professorial staff of the College at the reduced salary of $1,605.00 per month. As there were 20 working days in the month of June, 1975, the claimant is entitled to a full month’s salary or $1,605.00, and we therefore make an award to the claimant in that amount.
Award of $1,605.00.